Filed 1/19/22  P. v. Duarte CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIA DUARTE,<br><br>    Defendant and Appellant. | B311993<br><br>(Los Angeles County<br>Super. Ct. No. KA067568) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising

Deputy Attorney General, Charles S. Lee, Daniel C. Chang and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––––––––

Maria Duarte pleaded guilty in 2005 to two counts of attempted murder (Pen. Code, §§ 187, subd. (a), 664)[1] and admitted criminal street gang (§ 186.22, subd. (b)(1)) and firearm enhancement allegations (§ 12022.53, subds. (b) & (e)). On March 1, 2021 the superior court summarily denied Duarte's petition for resentencing under section 1170.95, ruling Duarte was ineligible for relief because she had been convicted of attempted murder, not murder.

While Duarte's appeal was pending, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022, which amended section 1170.95 to expressly include within its reach certain convictions for attempted murder and voluntary manslaughter. In light of this new legislation, we remand Duarte's case for the superior court to permit Duarte to amend her petition and, following amendment, to appoint counsel for Duarte and to determine in accordance with the procedures described in section 1170.95, subdivision (c), and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) whether Duarte has made a prima facie showing she is entitled to relief.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Duarte's Convictions for Attempted Murder*

According to testimony at Duarte's preliminary hearing and admissions by Duarte at her plea hearing, Duarte drove a

––––––––––––––––––––

[1] Statutory references are to this code.

member of the Happy Town criminal street gang and another man to Academy Avenue in Pomona.  The men were sitting in the front and back passenger seats of Duarte's vehicle.  With the windows down, the men shot at, and wounded, several teenagers who had been riding a motor scooter outside a nearby residence.

Duarte pleaded guilty to two counts of attempted murder and admitted firearm and criminal street gang enhancements to both counts.  Pursuant to the terms of a negotiated agreement, Duarte waived her right to appeal and was sentenced to an aggregate state prison term of 22 years eight months.

2. *Duarte's Petition for Resentencing*

On December 31, 2020 Duarte, representing herself, filed a petition for resentencing pursuant to section 1170.95 and requested the court appoint counsel to represent her in the resentencing proceedings.  On the printed form petition Duarte checked boxes stating a complaint had been filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine and she could not now be convicted of first or second degree murder because of changes to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), but did not check the box stating she had pleaded guilty or no contest to first or second degree murder in lieu of going to trial.  Duarte's petition did not indicate she had been convicted of attempted murder.

The superior court summarily denied the petition on March 1, 2021 without appointing counsel or requesting a response to the petition from the prosecutor.  The court's minute order stated, "Convicted violation being to attempted murder and not murder makes petition ineligible by law."

**DISCUSSION**

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *Lewis*, *supra*, 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

There was disagreement among the courts of appeal whether new section 188, subdivision (a)(3)'s prohibition against imputing malice to establish liability for murder other than in specified felony-murder cases also precluded finding a defendant guilty of attempted murder under the natural and probable consequences doctrine. Notwithstanding that conflict, all courts of appeal recognized that, by its express terms, section 1170.95 as enacted by Senate Bill 1437 did not authorize a petition to vacate an attempted murder conviction.

As amended effective January 1, 2022 by Senate Bill 775, however, section 1170.95, subdivision (a), now provides, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and*

4

*probable consequences doctrine,* or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (Italics added.)[2]

In her reply brief Duarte argues, with the passage of Senate Bill 775, the order summarily denying her petition for resentencing should be reversed and the cause remanded with directions to the superior court to appoint counsel and to thereafter reconsider her petition consistent with the provisions of section 1170.95 as newly amended.[3] In a supplemental letter

---

[2] In an uncodified statement of its intent in enacting Senate Bill 775, the Legislature declared the legislation "(a) Clarifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories. [¶] (b) Codifies the holdings of People v. Lewis (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case. [¶] (c) Reaffirms that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt. [¶] (d) Addresses what evidence a court may consider at a resentencing hearing (clarifying the discussion in People v. Lewis, supra, at pp. 970-972)." (Stats. 2021, ch. 551, § 1.)

[3] In her opening brief Duarte argued the superior court's summary denial of her petition without appointment of counsel violated the plain language of section 1170.95, subdivision (c), as well as her right to due process. She also argued Senate Bill 1437 applied to accomplice liability for attempted murder, not just murder, and the contrary interpretation of the legislation would violate her right to equal protection. The Attorney General in his respondent's brief argued any error in not

brief filed at the request of this court, the Attorney General has agreed with Duarte's recommendation, observing that the record on appeal "does not establish whether her convictions were necessarily based on an actual malice.  [Citations.]  Accordingly, she may be able to establish a prima facie showing of eligibility."  We agree with the request for a remand as well.

## DISPOSITION

The postjudgment order denying Duarte's section 1170.95 petition is reversed.  On remand the superior court is to permit Duarte to amend her petition to identify her convictions for attempted murder, appoint counsel for Duarte, order the prosecutor to file a response to the petition and provide Duarte an opportunity to file a reply, and determine whether Duarte has made a prima facie showing that she is entitled to relief in accordance with section 1170.95, subdivision (c), as amended by Senate Bill 775.


PERLUSS, P. J.

We concur:


SEGAL, J.                    FEUER, J.

---

appointing counsel was harmless because Duarte was ineligible for relief as a matter of law and excluding individuals convicted of attempted murder from Senate Bill 1437's ameliorative provisions was constitutional.

6